1

2

3

4

5

6

7

8                   UNITED  STATES  DISTRICT  COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11

12  ESSIE PATRICK-BELL,              ) 1:12-cv—01364-SKO-HC
                                     )
13              Petitioner,          ) ORDER DISMISSING THE FOURTH,
                                     ) FIFTH, AND SIXTH CLAIMS IN THE
14       v.                          ) PETITION WITH LEAVE TO AMEND
                                     ) (DOC. 1)
15  RON DAVIS, Warden,               )
                                     ) ORDER GRANTING PETITIONER LEAVE
16              Respondent.          ) TO FILE A FIRST AMENDED PETITION
                                     ) NO LATER THAN THIRTY (30) DAYS
17  _____ ) AFTER SERVICE OF THIS ORDER

18

19       Petitioner is a state prisoner proceeding pro se with a

20  petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

21  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to

22  the jurisdiction of the United States Magistrate Judge to conduct

23  all further proceedings in the case, including the entry of final

24  judgment, by manifesting consent in a signed writing filed by

25  Petitioner on August 31, 2012 (doc. 5).  Pending before the Court

26  is the petition, which was filed on August 21, 2012.

27       I.  Screening the Petition

28       Because the petition was filed after April 24, 1996, the

                                    1

1   effective date of the Antiterrorism and Effective Death Penalty

2   Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v.

3   Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d

4   1484, 1499 (9th Cir. 1997).

5       Rule 4 of the Rules Governing § 2254 Cases in the United

6   States District Courts (Habeas Rules) requires the Court to make

7   a preliminary review of each petition for writ of habeas corpus.

8   The Court must summarily dismiss a petition "[i]f it plainly

9   appears from the petition and any attached exhibits that the

10  petitioner is not entitled to relief in the district court...."

11  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.

12  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.

13  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

14  grounds of relief available to the Petitioner; 2) state the facts

15  supporting each ground; and 3) state the relief requested.

16  Notice pleading is not sufficient; the petition must state facts

17  that point to a real possibility of constitutional error.  Rule

18  4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,

19  915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75

20  n.7 (1977)).  Allegations in a petition that are vague,

21  conclusory, or palpably incredible are subject to summary

22  dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

23      The Court may dismiss a petition for writ of habeas corpus

24  either on its own motion under Habeas Rule 4, pursuant to the

25  respondent's motion to dismiss, or after an answer to the

26  petition has been filed.  Advisory Committee Notes to Habeas Rule

27  8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43

28  (9th Cir. 2001).  A petition for habeas corpus should not be

2

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges she is an inmate of the Valley State Prison for Women (VSPW) serving a twelve-year sentence imposed in October 2009 in the Superior Court of the State of California, County of Fresno pursuant to Petitioner's guilty plea to a charge of committing manslaughter in violation of Cal. Pen. Code § 192. Petitioner alleges the following claims in the petition:  1) imposition of the upper term violated Petitioner's rights under the Sixth and Fourteenth Amendments to a fair hearing and to due process because the sentencing court did not consider Petitioner's fear for her life and the lives of her family members or the fact that Petitioner was provoked by the victim's attack upon her; 2) Petitioner's trial attorney did not explain the consequences of Petitioner's plea, including that Petitioner would receive the upper term, and thereby provided ineffective assistance of counsel in violation of the Sixth Amendment; 3) Petitioner's trial attorney failed to investigate and interview the other people who were involved in the fight that precipitated the homicide and thereby provided ineffective assistance of counsel; 4) the trial court failed to give Petitioner access to the court in violation of Petitioner's rights under the Sixth and Fourteenth Amendments when it refused to consider Petitioner's motion for modification of sentence pursuant to Cal. Pen. Code § 1170(d); 5) the Court of Appeal of the State of California, Fifth Appellate District (CCA) failed to notify Petitioner and thereby violated Petitioner's rights under the Sixth and Fourteenth

Amendments; and 6) imposing an upper term erroneously pursuant to Petitioner's plea without holding a hearing pursuant to Cal. Pen. Code § 1170(d) violated Petitioner's rights under the Sixth and Fourteenth Amendments because Apprendi applies to Petitioner's case. (Pet., doc. 1, 12-21, 31-34.)  Petitioner asks this Court to amend the abstract of judgment to reduce Petitioner's sentence from an upper term to the middle term.

II.  Access to the Courts

In her fourth claim, Petitioner alleges that the trial court failed to give Petitioner access to the courts in violation of Petitioner's rights under the Sixth and Fourteenth Amendments when it refused to consider Petitioner's motion for modification of sentence pursuant to Cal. Pen. Code § 1170(d).

A claim that a right of access to the courts has been violated implicates conditions of confinement and not a conviction or sentence.  Thus, such a claim would not generally be appropriate in a habeas petition, which is the correct method for a prisoner to challenge not conditions of confinement, but rather the legality or duration of confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  However, in this case, Petitioner's claim appears to include an argument that the trial court's failure to rule on her motion to modify her sentence was in effect a denial of the motion and thus a constitutional violation.  (See pet., doc. 1, at 32 [statement of claim as presented to the California Supreme Court in a petition for writ of habeas corpus].)
///

4

1    Although Petitioner generally claims that her rights under
2  the Sixth and Fourteenth Amendments were violated by the trial
3  court's ruling, Petitioner does not allege any specific facts
4  showing that there was a constitutional violation.  Allegations
5  in a petition that are vague, conclusional, or palpably
6  incredible, and that are unsupported by a statement of specific
7  facts, are insufficient to warrant relief and are subject to
8  summary dismissal.  <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir.
9  1995); <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994).

10    Further, to the extent that Petitioner is claiming that the
11  trial court violated § 1170(d) or that a violation of state law
12  constitutes a constitutional violation, Petitioner has not stated
13  facts entitling her to relief in a proceeding pursuant to § 2254.
14  Federal habeas relief is not available to retry a state issue
15  that does not rise to the level of a federal constitutional
16  violation.  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16
17  (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged
18  errors in the application of state law are not cognizable in
19  federal habeas corpus.  <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th
20  Cir. 2002) (an ex post facto claim challenging state court's
21  discretionary decision concerning application of state sentencing
22  law presented only state law issues and was not cognizable in a
23  proceeding pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110
24  F.3d 1380, 1389 (9th Cir. 1996).  The Court accepts a state
25  court's interpretation of state law.  <u>Langford v. Day</u>, 110 F.3d
26  1380, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this
27  Court is bound by the California Supreme Court's interpretation
28  of California law unless the interpretation is determined to be

untenable or a veiled attempt to avoid review of federal
questions. <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir.
2001).

Thus, to the extent that Petitioner is claiming that a state
court's interpretation or application of § 1170(d) was erroneous
and thus a violation of her constitutional rights, Petitioner has
failed to state facts that point to a real possibility of
constitutional error. The claim should be dismissed.

Although Petitioner has not alleged facts tending to show a
constitutional violation, Petitioner may be able to allege a
tenable claim if leave to amend were granted. Accordingly,
Petitioner's fourth claim, alleging that the trial court failed
to give Petitioner access to the court in violation of
Petitioner's rights under the Sixth and Fourteenth Amendments
when it refused to consider Petitioner's motion for modification
of sentence, will be dismissed with leave to file an amended
petition.

III.  <u>Failure to Give Notice</u>

In her fifth claim, Petitioner alleges that the CCA failed
to notify Petitioner, thereby violating Petitioner's rights under
the Sixth and Fourteenth Amendments. Petitioner appears to be
referring to a failure to receive notification that her appeal
had been ruled on by the CCA; the CCA subsequently recalled the
remittitur and re-issued the decision to give Petitioner time to
file a petition for review. (Pet. at 38-42, 50, 60-62.)

The failure to give notice appears to have been cured by the
CCA's subsequent recall and re-issuance of the remittitur. In
the appellate proceeding in December 2011, the CCA took judicial

6

1   notice of a petition for writ of habeas corpus then pending in

2   the CCA in which Petitioner claimed that she did not receive

3   notice of the ruling on her appeal in time to file a petition for

4   review. (Id. at 50.)  The CCA deemed the Attorney General to

5   have consented to a recall of the remittitur in the writ

6   proceeding and ordered the remittitur recalled in the appellate

7   proceeding. (Id.)  Reference to the official website of the

8   California courts reflects that the remittitur was re-issued on

9   April 10, 2012.[1]

10   The California Supreme Court (CSC) returned unfiled a

11   petition for review received on April 4, 2011.  (Pet. at 61.)

12   The Court takes judicial notice of the official website for the

13   California Courts, which reflects that in In re Patrick-Bell

14   (Essie) on Habeas Corpus, case number S202018, Petitioner filed a

15   petition for a writ in the CSC on April 25, 2012, which the CSC

16   construed as a petition for writ of habeas corpus and denied on

17   July 11, 2012.  It thus appears that Petitioner has received any

18   relief she could seek with respect to the failure to receive

19   notice of the ruling in her appeal.

20   Federal courts lack jurisdiction to decide cases that are

21   moot because the courts' constitutional authority extends to only

22   actual cases or controversies.   Iron Arrow Honor Society v.

23   Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case

24

25      [1]The Court may take judicial notice of facts that are capable of
     accurate and ready determination by resort to sources whose accuracy cannot
26   reasonably be questioned, including undisputed information posted on official
     websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
     333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
27   992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the
     docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th
28   Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official
     website of the California state courts is www.courts.ca.gov.

or controversy in which a litigant has a personal stake in the

outcome of the suit throughout all stages of federal judicial

proceedings and has suffered some actual injury that can be

redressed by a favorable judicial decision.  Id.  A petition for

writ of habeas corpus becomes moot when it no longer presents a

case or controversy under Article III, § 2 of the Constitution.

Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003).  A petition

may also be rendered moot where a petitioner's claim for relief

cannot be redressed by a favorable decision of the court issuing

a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d 996, 1000-

01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7

(1998)).  Mootness is jurisdictional.  See, Cole v. Oroville

Union High School District, 228 F.3d 1092, 1098-99 (9th Cir.

2000).  Thus, a moot petition must be dismissed because nothing

remains before the Court to be remedied.  Spencer v. Kemna, 523

U.S. 1, 18 (1998).

Here, it appears that Petitioner's claim concerning a

failure of notice is moot and thus should be dismissed.

Although Petitioner has failed to state facts that point to

a real possibility of constitutional error, it is possible that

if given leave to amend, Petitioner could state a tenable claim

concerning her lack of notice.  Accordingly, Petitioner's fifth

claim concerning lack of notice of the CCA's appellate decision

will be dismissed with leave to amend.

IV.   Imposition of the Upper Term

In her sixth claim, Petitioner argues that imposing an upper

term erroneously pursuant to Petitioner's plea without holding a

1  hearing pursuant to Cal. Pen. Code § 1170(d)[2] violated

2  Petitioner's rights under the Sixth and Fourteenth Amendments

3  because Apprendi[3] applies to Petitioner's case.

4       To the extent that Petitioner is contending that a state

5  court's application or interpretation of § 1170(d) was erroneous,

6  as previously noted, Petitioner fails to state facts that would

7  entitle her to relief in this proceeding because this Court is

8  bound by the state court's ruling.

9       If Petitioner is attempting to argue that her sentence

10 violated Apprendi and its progeny, Petitioner has failed to state

11 facts entitling her to habeas corpus relief.  Petitioner has

12 failed to allege the facts that were relied upon by the

13 sentencing judge that exceeded the facts admitted by the

14 Petitioner.  Petitioner has alleged only a conclusion that her

15 rights were violated.  Accordingly, Petitioner's claim should be

16 dismissed.

17      Although Petitioner has failed to state facts that point to

18 a real possibility of constitutional error, it is possible that

19 if given leave to amend, Petitioner could state a tenable claim.

20      Accordingly, it will be ordered that the claim concerning

21 lack of notice be dismissed with leave to amend.

22 ///

23
_____

24      [2] Cal. Pen. Code § 1170(d) relates to the authority of the sentencing
   court on its own motion to recall a sentence and commitment and re-sentence
   the defendant to eliminate disparity of sentences and promote uniformity of
25 sentencing.

26      [3] The reference is to Apprendi v. New Jersey, 530 U.S. 466 (2000), in
   which it was held that any fact other than a prior conviction that is
27 necessary to support a sentence exceeding the maximum authorized by the facts
   established by a plea of guilty or a jury verdict must be admitted by a
   defendant or proved to a jury beyond a reasonable doubt.  Apprendi v. New
28 Jersey, 530 U.S. at 490.

V.   <u>Amendment of the Petition</u>

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition with cognizable federal claims clearly stated and exhaustion clearly alleged) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

VI.   <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's fourth, fifth, and sixth claims are DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and

///

///

///

///

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:     October 2, 2012                    _____/s/ Sheila K. Oberto_____
                                              UNITED STATES MAGISTRATE JUDGE

11