UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESSIE PATRICK-BELL, | ) | 1:12-cv—01364-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | REQUEST TO ADD A PAGE TO HER |
| | ) | PREVIOUSLY FILED TRAVERSE (DOCS. |
| v. | ) | 22, 21) |
| | ) | |
| RON DAVIS, Warden, | ) | ORDER STRIKING PETITIONER'S |
| | ) | CORRESPONDENCE AND RELATED |
| Respondent. | ) | DOCUMENT FROM THE DOCKET |
| | ) | (DOC. 22, pages 3-6) |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on August 31, 2012 (doc. 5).

In the petition, Petitioner challenges her sentence; an answer has been filed, and Petitioner filed a traverse on March 19, 2013.  Pending before the Court is Petitioner's request,

1

filed on March 21, 2013, to include an additional page in her previously filed traverse.

### I. Order Granting Petitioner's Request

Review of the request shows that the page that Petitioner seeks to add to the traverse is identical to the last page of Petitioner's previously filed traverse, except that the newly offered page bears an original signature, whereas the initially filed traverse was unsigned.

Petitioner's request to add the additional page bearing the original signature is GRANTED.

### II. Order Striking Impertinent Matter

Attached to the request regarding the traverse are a two-page letter from Petitioner to the Magistrate Judge and a mental health individual therapy "chrono." The matters are not relevant to Petitioner's sentencing claims.

Fed. R. Civ. P. 12(f) provides as follows:

> The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
>   1) on its own; or
>
>   2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A court may strike a document that does not conform to the formal requirements of the pertinent rules of court. Transamerican Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 143 F.R.D. 189, 191 (N.D. Ill. 1992). The authorized pleadings in a habeas corpus proceeding are the petition, the answer or any authorized motion filed in response to the petition, and any

reply thereto.  Rules 1-5 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules).

Here, the correspondence and related document (doc. 22, pages 3-5) do not pertain to the argument in the traverse or the issues in the case; thus, they are immaterial and impertinent.

Accordingly, it is ORDERED that the correspondence and the document concerning Petitioner's mental health as of December 2012 (doc. 22, pages 3-5) be STRICKEN from the docket as inappropriately filed.

IT IS SO ORDERED.

**Dated:   March 28, 2013**                    /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE